# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REGINALD L. CLEMONS,** | : | CIVIL NO. 1:CV-05-1110 |
| Petitioner, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent | : | |

## MEMORANDUM AND ORDER

I. Introduction.

    Petitioner, Reginald Clemons ("Clemons"), an inmate confined at the Federal Correctional Institution at Allenwood, White Deer, Pennsylvania, filed the instant *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on June 1, 2005, seeking a reduction of his federal sentence. Because Clemons has not shown that his remedy under 28 U.S.C. §2255 is inadequate or ineffective to test the legality of his detention, such that he can take advantage of 28 U.S.C. § 2241, the petition will be summarily dismissed.

II. Background.

    Petitioner provides the Court with scant details. Clemons states that he "is currently incarcerated as a result of a plea of guilty to possession with intent to distribute, and distribution of cocaine in violation of 21 U.S.C. § 841." (Doc. 1). He represents that he has exhausted all avenues of relief through both direct appeal and collateral review. He files this petition seeking "a reduction in his sentence to a pre-enhancement level of 13, with a sentencing range of 33 to 41 months." He relies on the recent Supreme Court decision "under *Booker/FanFan*, 160 L.Ed.2d 621 (2005)." (Doc. 1, p. 1). He further states the following:

> When petitioner was sentenced, the district court was under the view that the Federal Sentencing Guidelines were mandatory and thus constrained in its discretion. Because this view of the Guidelines is erroneous under *Booker*, this most Honorable Court should issue a show-cause order and hold an evidentiary hearing in light of *Booker*. Furthermore, while the Third Circuit has yet to rule on

> the issue of retroactive to cases on collateral review, under *Slack v. McDaniel*, 529 U.S. 473 , 484 (2000), this "assessment of the constitutional claims could be debatable or wrong."

(Doc. 1, p. 5). He is seeking to "reduce his sentence to the pre-enhancement level of 33-41 months . . . " (*Id*.).

III. Discussion.

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review, Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts. 28 U.S.C. § 2254 (1977)(applicable to § 2241 petition under Rule 1(b)). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D.Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." (2004).

A challenge to a federal criminal defendant's conviction or sentence, as in the instant case, is most appropriately brought as a motion pursuant to 28 U.S.C. § 2255. *E.g., United States v. Addonizio*, 442 U.S. 178, 185 (1979). "[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a § 2255 motion. *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). Indeed, as a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. *Strollo v. Alldredge*, 463 F.2d 1194, 1195 (3d Cir. 1972). "Section 2241 is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" *Myers v. Booker*, 232 F.3d 902 (10th Cir. 2000) (unpublished disposition at 2000 WL 1595967) (*citing Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996)).

Only if it is shown that a § 2255 motion "is inadequate or ineffective to test the legality of . . . detention," may a federal inmate resort to § 2241 to challenge the validity of the conviction or sentence. "It has long been the rule of this circuit that 'the remedy by motion [under § 2255] can be 'inadequate or ineffective to test the legality of . . . detention' only if it can be shown that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" *United States v. Brooks*, 230 F.3d 643, 648 (3d Cir. 2000)*(citing United States ex rel Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)). *See also Application of Galante*, 437 F.2d 1164, 1165 ( 3d Cir. 1971)(*per curiam*).

The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. *See id.; McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979). Prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998); *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.1988); *Litterio v. Parker*, 369 F.2d 395, 396 (3d Cir. 1966) (*per curiam*). Nor do statutory limitations on filing second or successive § 2255 motions establish the inadequacy or ineffectiveness of the remedy. *See United States v. Barrett*, 178 F.3d 34, 50 (1st Cir. 1999) ("A petition under § 2255 cannot become 'inadequate or ineffective,' thus permitting the use of § 2241, merely because a petitioner cannot meet the AEDPA 'second or successive' requirements. Such a result would make Congress's AEDPA amendment of §2255 a meaningless gesture."); *Davenport*, 147 F.3d at 608 ("Congress did not change [the 'inadequate or ineffective'] language when in the Antiterrorism Act it imposed limitations on the filing of successive 2255 motions. The retention of the old language opens the way to the argument that when the new limitations prevent the prisoner from obtaining relief under 2255, his remedy under

3

that section is inadequate and he may turn to 2241. That can't be right; it would nullify the limitations."); *Dorsainvil*, 119 F.3d at 251 ("We do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petition to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255.").

In attempting to utilize §2241, Clemons simply argues that since he has already pursued a direct appeal, and exhausted his remedies *via* a § 2255 motion, then he must utilize § 2241 to pursue his claim under *Booker*. Clemons's argument is unconvincing. As stated above, "[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a § 2255 motion. *Dorsainvil*, 119 F.3d at 249. Indeed, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. *Strollo*, 463 F.2d at 1195. "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative. . . ." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986).

*Booker* announced a rule that is "new" and "procedural," but not "watershed," as required by the analysis for retroactivity regarding new rules of criminal procedure. *Teague v. Lane*, 489 U.S. 288 (1989). Therefore, as recently held by the Third Circuit, the rule espoused by the Supreme Court in *Booker* is not retroactively applicable to cases on collateral review. *Lloyd v. United States*, 407 F.3d 608 (3d Cir. 2005). While Clemons may demonstrate a personal inability to utilize the Section 2255 remedy, he does not establish the inadequacy or ineffectiveness of the remedy itself. *See Dorsainvil*, 119 F.3d at 251 (in denying motion for certification to file a second Section 2255 petition without prejudice to petitioner filing a Section 2241 habeas corpus petition because passage of a subsequent law may negate the crime of which he was convicted, the Third Circuit Court of Appeals stated in *dicta*, "[w]e do not suggest that § 2255 would be 'inadequate or

4

ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  Such a holding would effectively eviscerate Congress's intent in amending § 2255.").  Therefore, the petition will be dismissed.

IV.  Order.

**AND NOW**, this 30th day of June 2005, Petitioner having paid the $5.00 filing fee, it is hereby **ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED**;

2.  The Clerk of Court is directed to **CLOSE** this matter.


   S/ Yvette Kane
Yvette Kane
United States District Judge