IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

REGINALD L. CLEMONS,          :     CIVIL NO. 1:CV-05-1110
           Petitioner,     :
                           :          (Judge Kane)
   v.                                   :
                           :
UNITED STATES OF AMERICA, :
           Respondent    :

## MEMORANDUM

On June 1, 2005, Reginald L. Clemons ("Clemons"), a federal inmate confined at the Federal Correctional Institution at Allenwood, White Deer, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. On June 30, 2005, the petition was dismissed as Clemons failed to establish the inadequacy or ineffectiveness of the § 2255 remedy such that he would be able to proceed *via* § 2241. Presently pending is Clemons' motion for reconsideration. (Doc. 7). For the reasons set forth below, the motion will be denied.

A motion under Rule 59(e) "must rely on one of three major grounds: '(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or], (3) the need to correct clear error [of law] or prevent manifest injustice.'" North River Ins. Co. v. Cigna Reinsurance Co., 52 F.2d 1194, 1218 (3d Cir. 1995)(citations omitted); See also, Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985). It is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D.Pa. 1992).

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" Database America, Inc. V. Bellsouth Advertising and Publishing Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993).

Essentially, Clemons is dissatisfied with the Court's decision. He has not met his burden in that he has failed to demonstrate that there has been an intervening change in the law, that there is newly discovered evidence or that there has been a clear error of law or manifest injustice committed. Consequently, the Court declines to alter the Memorandum and Order entered on June 30, 2005, and the motion for reconsideration will be denied.

**AND NOW**, this 12th day of October 2005, it is hereby **ORDERED** that Clemons' motion for reconsideration (Doc. 7) is **DENIED**.

      S/ Yvette Kane
Yvette Kane
United States District Judge